# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH TOY,

      Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

      Defendants.

Case No. 2:13-cv-01730-JCM-GWF

**ORDER**

This matter comes before the Court on Plaintiff Joseph Toy's ("Plaintiff") Application to Proceed in Forma Pauperis (#1), filed on September 20, 2013. Plaintiff attached his Complaint (#1-1) to the Application.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint under section 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to

amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that he and his mother, Doris Toy, have been wrongfully arrested because of Ms. Toy's "health condition." As a threshold matter, the Court finds that Plaintiff does not have standing to bring the claim on behalf of Ms. Toy. Ms. Toy is not a party to this lawsuit, and one "irreducible [...] minimum of standing" is that Plaintiff suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff may not sue on behalf of Ms. Toy for any injuries she may have suffered. Therefore, the Court will dismiss any claims as to Ms. Toy.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Constitutional claims for false arrest under § 1983 are analyzed in light of analogous torts. *Lacy v. County of Maricopa*, 631 F.Supp.2d 1183, 1193 (D. Ariz. 2008). "[T]he ultimate and indispensable element of such [...]

1  claim[s] is the deprivation of a constitutional right." *Pierce v. Gilchrist*, 359 F.3d 1279, 1285–90
2  (10th Cir. 2004).  In the present context, the constitutional right is the Fourth Amendment's right to
3  be free from unreasonable seizures.  To prevail on his section 1983 claim for false arrest, Plaintiff
4  "would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of*
5  *Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).  "Probable cause exists when the facts and
6  circumstances within the officers' knowledge and of which they had reasonably trustworthy
7  information were sufficient to warrant a prudent man in believing that the plaintiff had committed
8  or was committing an offense." *Hart v. Parks*, 450 F.3d 1059, 1065–66 (9th Cir. 2006).  Here,
9  Plaintiff has pled no facts regarding the circumstances of his arrest, and makes only bare assertions
10 that he was arrested because of his mother's medical conditions.  The Court therefore finds that
11 Plaintiff has not pled sufficient facts to proceed on his false arrest claim, and will dismiss it.

12       Furthermore, even assuming for the sake of argument Plaintiff pled sufficient facts as
13 regards his claim, Plaintiff has not pled sufficient facts to proceed under section 1983.  To state a
14 claim under section 1983, Plaintiff must allege the violation of a right secured by the Constitution
15 and laws of the United States, and must show that the alleged deprivation was committed by a
16 person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Here, Plaintiff
17 has not pled any facts asserting that any of the Defendants were acting under color of state law.

18       In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is
19 informed that the Court cannot refer to a prior pleading to make his amended complaint complete.
20 Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any
21 prior pleading.  This is because, as a general rule, an amended complaint supersedes the original
22 complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended
23 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
24 amended complaint, as in an original complaint, each claim and the involvement of each defendant
25 must be sufficiently alleged.  Accordingly,

26       **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis
27 (#1) is **granted**.  Plaintiff shall not be required to pay the $400.00 filing fee.
28 . . .

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 11, 2014** to file an amended complaint that cures the defects noted in this Order.

DATED this 11th day of February, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge