1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH T. TOY,

                Plaintiff(s),

    v.

STATE OF NEVADA, et al.,

               Defendant(s).

Case No. 2:13-CV-1730 JCM (GWF)

ORDER

On February 11, 2014, the court granted plaintiff's motion to proceed *in forma pauperis* but dismissed plaintiff's complaint without prejudice, with leave to amend by March 11, 2014. (Doc. #3). The court's order also directed plaintiff to pay the $400.00 filing fee for this action within 30 days. The thirty-day period has long expired, and plaintiff has not paid the filing fee, filed an amended complaint, or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "in exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d, 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Svc.*, 833 F.2d 128, 130

James C. Mahan
U.S. District Judge

1  (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d

2  1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with

3  local rules).

4        In determining whether to dismiss an action for lack of prosecution, failure to obey a court

5  order, or failure to comply with local rules, the court must consider several factors: (1) the public's

6  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

7  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

8  merits; and (5) the availability of less drastic alternatives.  *Pagtalunan*, 291 F.3d at 642; *Thompson*,

9  782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at

10 1260-61; *Ghazali*, 46 F.3d at 53.

11       The court finds that the first two factors, the public's interest in expeditiously resolving

12 this litigation and the court's interest in managing the docket, weigh in favor of dismissal.  The

13 third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption

14 of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court

15 or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

16 and fifth factors – public policy favoring disposition of cases on their merits and consideration of

17 available alternatives to dismissal – are outweighed by the factors in favor of dismissal discussed

18 herein.

19 Accordingly,

20       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this action is

21 DISMISSED WITHOUT PREJUDICE based on plaintiff's failure to file an amended complaint

22 or pay the filing fee in compliance with this court's order.

23       IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly

24       DATED April 1, 2016.

25       _____

26       UNITED STATES DISTRICT JUDGE

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -